UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD G. BROWN, in his capacity as Chapter 7 Trustee in U.S. Bankruptcy Court, for and on behalf of RENE GUTIERREZ, <br><br> Plaintiff, <br><br> v. <br><br> AMICA MUTUAL INSURANCE COMPANY, a foreign insurer doing business in Washington, <br><br> Defendant. | CASE NO. 2:23-cv-00118-JHC <br><br> ORDER |

  This matter comes before the Court *sua sponte.*

  Defendant's Notice of Removal (Dkt. # 1) asserts that the Court has subject matter jurisdiction over this matter because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00. Dkt. # 1 at 2-4. Defendant claims that Plaintiff's demand alleged $19,445.23 in past medical damages, $15,000.00 for monitoring his condition, and $10,000.00 for follow-up visits to the doctor. *Id.* at 3. Defendant argues that these estimates, combined with the future costs of treatment, noneconomic damages, loss of income, prejudgment interest on all liquidated damages, and attorney fees demanded by Plaintiff, amount

ORDER - 1

to over $75,000.00.  *Id.*  Defendant also claims that at various points in time, Plaintiff has demanded the full policy limit of $300,000.00.  *Id.* at 4.

Federal district courts are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  If a federal court determines that it lacks subject matter jurisdiction at any time during a dispute, the court must dismiss the action.  *See* Fed. R. Civ. P. 12(h)(3); *Rosales v. United States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502 (2006).  The party invoking jurisdiction must allege facts that establish the court's subject matter jurisdiction.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

District courts have jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).  Generally, the amount in controversy is determined from the face of the pleadings.  *See Pachinger v. MGM Grand Hotel–Las Vegas, Inc.,* 802 F.2d 362, 363 (9th Cir.1986).  The sum claimed by the plaintiff controls so long as the claim is made in good faith.  *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938). Any doubts about removability are resolved in favor of remanding the case to state court.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).[1]

---

[1] In diversity cases, where the amount in controversy is in doubt, the Supreme Court has drawn a sharp distinction between original jurisdiction and removal jurisdiction:

> [I]n cases brought in the federal court ... [i]t must appear to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal … A different situation is presented in the case of a suit instituted in a state court and thence removed.  There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end.

The Court finds that Defendant's Notice of Removal, where they cite Plaintiff's estimates of approximately $45,000.00 in medical treatment costs and subsequently state "we feel as though Plaintiff is demanding much higher than $75,000.00 in damages," does not suffice to resolve all doubts about removability.  Accordingly, the Court ORDERS the parties to show cause as to whether the Court should remand this case to state court.  The parties must file responses within fourteen (14) days of the date of this order.

Dated this 3rd day of February, 2023.

John H. Chun
United States District Judge

---

*St. Paul Mercury Indem. Co.,* 303 U.S. at 288–290.  Plaintiff has brought this suit in state court and Defendant has removed the action to federal court; therefore, the second standard controls.

ORDER - 3