1

2

3

4

5

6          UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
7                   AT SEATTLE

8    RONALD G. BROWN, in his capacity as        CASE NO. 2:23-cv-00118-JHC
     Chapter 7 Trustee in U.S. Bankruptcy Court,
9    for and on behalf of RENE GUTIERREZ,       ORDER

10                         Plaintiff,

11            v.

12   AMICA MUTUAL INSURANCE
     COMPANY, a foreign insurer doing business
13   in Washington,

14                         Defendant.

15

16          This matter comes before the Court on the parties' responses (Dkts. ## 7, 8) to the

17   Court's February 3, 2023 Order to Show Cause (Dkt. # 6).  Having considered the responses, the

18   applicable case law, and the case file, the Court hereby REMANDS this action to state court.

19          The parties dispute whether the amount in controversy exceeds $75,000.00, exclusive of

20   interest and costs.  *See* 28 U.S.C. § 1332(a).  This case was initially filed in state court and

21   subsequently removed by Defendant.  Dkt. # 1.  As such, there is a "strong presumption that the

22   plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that

23   the parties have colluded to that end."  *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S.

24   283, 290 (1938).  Any doubts about removability are resolved in favor of remanding the case to

ORDER - 1

state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Defendant submits evidence that Plaintiff has at several points demanded the full policy limit of $300,000.00. Dkt. # 9. But they have not shown that Plaintiff's demand is a "reasonable estimate" of the value of the claim. *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002). Defendant concedes that Plaintiff's medical expenses incurred as of the date of removal do not exceed $19,445.23. Dkt. # 1 at 3. *See* 28 U.S.C. §1446(b) (The existence of federal jurisdiction is determined at the time of removal). Defendant cites to several of Plaintiff's "estimates" of future medical expenses but these estimates total approximately $45,000.00. Dkt. # 1 at 3. Defendant's remaining arguments regarding the amount in controversy simply reference the nature of damages and fees sought but do not provide factual support for any specific monetary amounts. *See generally* Dkts, ## 1, 8. The Court concludes that these arguments, combined with the evidence in the record, do not resolve all doubts regarding removability.

Accordingly, the Court REMANDS this action to state court. The Court does not award attorney fees and costs incurred in the filing of Plaintiff's response.

Dated this 16th day of February, 2023.

John H. Chun
United States District Judge